IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WREMBUREN JONES                                                                PLAINTIFF

v.                        Civil No. 1:18-cv-01045

DR. JOSEPH DELUCA, Ouachita
County Detention Center                                                        DEFENDANT

# ORDER

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Wremburen Jones, Jr. filed this 42 U.S.C. § 1983 action *pro se* on July 19, 2018, naming Dr. Joseph Deluca, Nurse Sheryl Mendenhall and James Bolton as Defendants. (ECF No. 1). On October 2, 2019, the Court granted in part and denied in part Defendants' Motion for Summary Judgment leaving only Plaintiff's individual capacity claims against Defendant Deluca. (ECF No. 30).

On October 10, 2019, a settlement conference was scheduled for December 17, 2019. (ECF No. 32). On December 13, 2019, the conference was cancelled by the Court. (ECF No. 35). On January 2, 2020, the order cancelling the settlement conference sent to Plaintiff at his address of record was returned as undeliverable. (ECF No. 36). To date, Plaintiff has not informed the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's remaining claims against Defendant Deluca in the Complaint (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 10th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge